IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, INC.**, a Delaware corporation, and **DEERE & COMPANY**, a Delaware corporation,<br><br>    PLAINTIFFS,<br><br>v.<br><br>**DREW HOOVER and KIMBERLY HOOVER**,<br><br>    DEFENDANTS. | CASE NO. 2:07-CV-150-MHT<br>(WO) |

## CONSENT JUDGMENT

This matter is before the court on the complaint, February 20, 2007 (ECF Doc. 1), and as was subsequently amended, March 9, 2007 (ECF Doc. 8) of John Deere Construction & Forestry Company, Inc. and Deere & Company ("Deere"). Defendant, Drew Hoover, was served with a copy of the complaint by certified mail, March 1, 2007 (ECF Doc. 6). Defendant Kimberly Hoover was served by certified mail on February 26, 2007 (ECF Doc. 4).

Defendant Kimberly Hoover failed or refused to timely respond to the complaint and a motion for default was filed by Deere, June 13, 2007 (ECF Doc. 14) and a judgment was entered against Defendant Kimberly Hoover, July 23, 2007 (ECF Doc. 18).

Defendant Drew Hoover filed his answer, March 19, 2007 (ECF Doc. 9).

This matter was set for the Trial Term of the week of November 26, 2007.

However, before trial, the parties announced that an agreement has been reached concerning a consent judgment and the terms of the agreement are incorporated in this consent judgment is submitted by counsel for Deere, Von G. Memory. Therefore, based upon the pleadings, applicable law, and the agreement of the parties, it is hereby ORDERED ADJUDGED and DECREED:

1.  Broken Arrow Farm, LLC, is surrendering the following equipment securing the debt to Deere:

    One(1)   John Deere 5420 Utility Tractor, s/n S243463
    One(1)   John Deere 541 Loader, s/n C023590

        One(1)    John Deere 650H Dozer, s/n X937492

    2. The above-referenced equipment will be sold by Deere. Upon the completion of the sale, the proceeds, less commissions and costs incident to the sale, will be applied to the balance, as of October 16, 2007, due to Deere of $29,557.50 for loan 01043764674AB (with a per diem of $2.71) and $78,862.15 (with a per diem of $15.73) for loan 01043764674AD.

    3. Notwithstanding the foregoing, the parties have compromised the obligation owed Deere, and based upon the referenced compromise, Deere shall have a judgment against Drew Hoover for $108,000.00, plus professional fees in the amount of $5,000.00, for a total of $113,000.00, for which execution may issue once this judgment is final and non-appealable.

    4. However, after the sale referenced in paragraph two, Deere shall be required to give a credit against the referenced judgment for the net proceeds received from the sale of the equipment.[1]

    5. Deere shall be permitted to record a certificate of judgment once it has become final and non-appealable.

    6. This judgment represents a final order pursuant to Fed. R. Civ. Proc. 54(b) and therefore the clerk's office is directed to close this case.

    DONE and ORDERED at Montgomery, Alabama on this the 7th day of November, 2007.

                                          /s/ Myron H. Thompson
                                      DISTRICT COURT JUDGE

---

[1] A similar credit shall be given to Kimberly Hoover incident to the judgment that was entered against her, July 23, 2007 (ECF Doc. 18).

APPROVED FOR ENTRY:

<u>/S/ Von G. Memory</u>
Von G. Memory
Memory Day & Azar
P.O. Box 4054
Montgomery, AL 36013
Tel (334) 834-8000


<u>/S/ Collier H. Espy, Jr</u>.
Collier H. Espy, Jr.
Espy, Metcalf & Espy
PO Box 6504
Dothan, AL  36302-6504

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

- (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

- (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

- (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

- (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

- (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).